UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20570-CR-GOLDBERG

UNITED STATES OF AMERICA,

vs.

YESENIA POLPARINA,

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Having reviewed the record, including that defendant does not object to the requested relief, and being fully advised in the premises, this Court finds:

1. After defendant was convicted on mail and wire fraud charges, the jury found, through a special verdict, that certain properties, were subject to forfeiture [Docket Entry 91].

2. The Court has reviewed the record and agrees that the United States demonstrated a nexus between the contents of the accounts sought for forfeiture and the defendant's crimes of conviction.

Accordingly, based upon the evidence of record, upon motion of the United States and for good cause shown, it is hereby

**ORDERED** that:

1. The following property, is hereby forfeited to the United States of America, pursuant to Fed.R.Crim.P. 32.2 and the procedures set forth in Title 21, United States Code, Section 853 made applicable by Title 28, United States Code, Section 2461(c):

  (1) The contents of JP Morgan Chase bank account 2945396766;

  (2) The contents of JP Morgan Chase bank account 29453967641; and

  (3) The contents of JP Morgan Chase bank account 2945396758.

 2. The United States Marshal, or any other duly authorized law enforcement official, shall seize and take custody of the forfeited property pursuant to Fed.R.Crim.P. 32.2 and the procedures set forth in 21 U.S.C. §853(g), made applicable by 28 U.S.C. §2461(c).

 3. The United States shall publish notice of this Order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6), and to the extent practicable, provide direct written notice to any known potential claimant. The United States shall provide direct notice, to the defendant's children, care of defendant's counsel, Percy Martinez, Esquire, of the ancillary forfeiture proceedings. The United States shall state in the notice that any person, other than the defendant, having or claiming a legal interest in the property ordered forfeited by this Order, must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and shall set forth any additional facts supporting the petitioner's claims and the relief sought.

 4. Upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture, pursuant to Fed.R.Crim.P. 32.2 (c) and 21 U.S.C. § 853(n), in which all interests will be addressed. If no claims or petitions are filed within thirty (30) days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to Fed.R.Crim.P. 32.2(c)(2) and 21

U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshal, or any other duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

5.  Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Order of forfeiture shall become final as to the defendant upon entry and shall be made a part of the sentence.

**DONE AND ORDERED,** in Chambers, at Miami, Florida this ___22___ day of August, 2013.

RICHARD W. GOLDBERG
UNITED STATES DISTRICT JUDGE