IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
400 NORTH MIAMI AVENUE
MIAMI ,FLORIDA 33218



| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*Petitioner,*<br>**YESENIA POUPARINA**<br>  v.<br>    Defendant, | 12-20570 CR-Martinez/RWG |

### DEFENDANTS RESPONSE TO AFFIDAVIT OF SPECIAL AGENT SCOTT TANCHAK IN SUPPORT OF FORFEITURE DETERMINATION REGARDING THIRD-PARTY CLAIMS TO CONTENT OF
#### JP Morgan Chase NA bank Accounts #294396766, #2945396741,#2945396758

I YESENIA POUPARINA respectfully ask the courts to review the following facts that Mr. Tanchak did not disclose , that may be pertinent and of much importance in this case. I ask this court to relate to the laws as I am pro se and may not know how to do it. The purpose of forfeiture is to recover for a victim in a criminal case. Clean funds are funds that can be proven to be derived by non criminal behavior. In Mr. Tanchak's affidavit there are false accusations and information provided that do not pertain to this action or to my criminal case ( they are not facts , they are only assumptions and are irrelevant). The accounting and transactions stated by Mr. Tanchak have nothing to do with the criminal case or this claim. In his statement he states other transactions and is insinuating that they were derived by tainted funds. The trial was based on only one file and one action that is not the ones mentioned. Therefore the facts should remain as follows:

Mr. Tanchak confirms that there are clean funds that were deposited from children's accounts from Regions Bank into the accounts in questions and seized for the amount of $94,800.00. The withdrawal of 80,000.00 which Mr. Tanchak states depleted the "clean funds", he refuses to state that those funds were given to the bank " Victim"on the shortsale transactions to pay the loan on criminal case that I was indicted for , prior to indictment. He also refuses to state that the "victim" settled with me with a contract and received 242,500.00 to payoff the loan and waived any future claims and or deficiency (207,810.94), which turns out to be my restitution and amount of loss used for, sentencing based on deficiency on a legal and binding transaction that was not reviewed by the courts.(ineffective advise from counsel that created more charges for me). In fact the government has no knowledge of this and never was mentioned because I was indicted with one victim and then after trial the victim was changed to the bank which I have a legal binding contract relieving me of any claims therefore , my defense was unclear.

Mr. Tanchak is not qualified or has enough or complete information to decide or delegate what funds are clean and which ones are tainted. His statements are based on opinion not complete facts. The following facts will show that my children (third-party) indeed have a legitimate claim. Mr. Tanchak's statements of opinion are not backed up with proof nor were they part of the case in trial. I provided the courts with bank statement owed by my children to track the clean funds and Mr. Tanchak confirms that they are clean in his affidavit. Therefore, in conclusion these funds should be returned to their original owner in order for their rights no to be violated. The amount returned to the third-party's should be for the amounts confirmed by Mr. Tanchak and bank statements previously provided in my claim that show **"clean funds"** and confirmed by Mr. Tanchak in his affidavit (#7)for the amount of $94,800.00.

1. Exibit A filed by Mr. Tanchak does not provide missing fact's on money trail that I will disclose. Loan proceeds derived by the alleged criminal action was (December 8,2009) **$362,265.91**, lein on property originated,left out from the HUD for unknown reasons but was required to be paid of at funding (December 14,2009)**$115,000.00** leaves a balance **of $247,368.53 (actual illicit funds).**( If we credit the pay back of the illicit loan for the amount of **$242,500.00, which the sentencing guideleines and law require's and was not done in my case (argued in my appeal).** We have a difference of **$4,868.53.** This amount should have been the amount of loss as per Mortgage fraud guidelines and the law.)

2. Adding actuall illicit funds**$ 247,368.91** and the "clean funds" of **$94,800.00** is **$342,168.91** and subtracting what bank excepted and agreed upon "victim"(bank) for the amount of **$242,500.00** leaves us with **$99,668.91 of "clean funds".** Which is short of what was forfeited . This is the actual accounting of the transaction in question. Crediting any amount towards my restitution would be in violation of the third-party of interest. It is clear that these funds are "CLEAN".

3. I have yet to understand how the government wants to keep these funds and for what reason and to do what with it? If anything the 103,000 forfeited funds (assuming the law) should have been credited towards the restitution at time of the sentencing in order to be sentenced correctly and as the law states and requires. We agreed that there was a third party of interest at sentencing (see Judgement) therefore, this was not available to argue. If applied at sentencing like the law and sentencing guidelines require ,it would have left me with a 107,810.94 amount of loss and restitution assuming their calculations and I would have served a much less sentence if any. If they would have applied the law as the sentencing guidelines require the actual loss amount should have been 4,868.53, which means I would have timed served at sentencing . The government is recommending my restitution be credited $9,138.42 which can mean that I am currently serving more than the time permitted by the sentencing guidelines and law based on amount of loss. **This is not my claim. My claim is the original claim which is for the forfeited "clean funds" owened by the third-party (my children) be returned.**

I beg the courts to allow for an auxiliary hearing be scheduled in order to not violate the third-party of interest. And also to clarify the errors made in this case.

In conclusion, I feel that it is in the best interest of the courts and everyone to hold a hearing and assign me an attorney to be able to defend my minor children's rights as their guardian. I thank you, for your consideration. I present this information to the best of my knowledge and have previously provided proof.

Respectfully submitted,

_____ 1/12/16
Yesenia Pouparina

1221 Obispo Avenue

Coral Gables, Fl 33134

(786)378-1750

**CERTIFICATE OF SERVICE**

I hereby certify that the true and correct copy of the foregoing was emailed to all parties of interest:

Alison W. Lehr

Alison.lehr@usdoj.gov

YESENIA POUPARINA    1/12/16

Yesenia Poupunna
1221 Obispo Avenue
Coral Gables FL 33134

MIAMI FL 331
13 JAN 2016 PM 3 L

U.S. District Court
400 North Miami Avenue
Miami FL 33218

331287711899