IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
FLORIDA

400 NORTH MIAMI AVENUE

MIAMI ,FLORIDA 33218



FILED by _____ D.C.
FEB 22 2016
STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

Petitioner,

YESENIA POUPARINA

Defendant,

12-20570 CR-
Martinez/RWG

## REQUEST FOR DECISION ON REQUEST FOR AUXILARY HEARING

I YESENIA POUPARINA respectfully ask the courts to review the previously provided proof of clean funds forfeited and the additional found confirmation of cleans funds (see exhibit Y). I have provided bank statements and deposit slips showing proof of clean funds in my initial motion. Mr. Tanchak confirmed in his affidavit that there was clean funds and now I am providing a document in a previous filing that confirms clean funds. It is the burden of the interested party to show proof of clean funds and I believe we have met this with official documents not assumptions or opinions as rehearsed by Mr. Tanchak . I beg the courts to consider using provided information in order not to violate the third parties rights. I believe that I have complied with all forfeiture requirements. And we have provided sufficient proof of clean funds forfeited. I would like for the courts to proceed with the next steps required to return these funds to the interested party.

1. Exhibit Y, Affidavit of special Agent Scott Tanchak In support of Application For Seizure Warrant, Paragraph 11 states that along with the proceeds of the loan, there was 48,389.09 of personal funds. These personal funds were mine (Yesenia Pouparina) . Additionally there was a deposit from Regions Bank childrens accounts for the amount of 70,000.00 (Original complaint was filed with bank statements and deposit slips showing proof). These amounts exceed the amount forfeited and these

amounts have been proven to be clean. Therefore, the funds being held at this present time needs to be returned to the interested party.

I beg the courts to review all documents provided by me showing the proof with no doubt of truth. We have met the requirements of forfeiture claims. And show that the third party in fact has a valid claim.

Respectfully submitted,

Yesenia Pouparina
SS#266-59-

1221 Obispo Avenue

Coral Gables, Fl 33134

(786)378-1750

CERTIFICATE OF SERVICE I hereby certify that the true and correct copy of the foregoing was emailed to all parties of interest:

SANDRA MOSER

SANDRA.MOSER2@USDOJ.GOV


Alison W. Lehr

Alison.lehr@usdoi.gov

Yesenia Pouparina
2/15/16

Exibit Y

AFFIDAVIT OF SPECIAL AGENT SCOTT TANCHAK
IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT
FOR CONTENTS OF JP Morgan Chase Bank NA bank accounts:
#2945396766, #2945396741, #2945396758

I, Scott Tanchak, having been duly sworn, state the following:

1. I am a Special Agent with the United States Department of Housing and Urban Development, Office of Inspector General (HUD OIG), and have been so employed since October of 2005. As a Special Agent with HUD OIG, I am responsible for the investigation of violations of United States law, including violations of Title 18 of the United States Code, Sections 1014 and 1343. I received training in the investigation of mortgage fraud. I am a graduate of Excelsior College with a Bachelor of Arts in Liberal Arts. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, GA. Prior to being employed with HUD OIG, I held other positions in law enforcement as a police officer with the Fort Lauderdale Police Department in Fort Lauderdale, Florida and the Norfolk Police Department in Norfolk, Virginia performing patrol functions.

2. I am an investigative and law enforcement officer of the United States, in that I am empowered by law to conduct investigations and to make arrests for felony offenses, under authority of The Inspector General Act of 1978, Public Law 95-452, as amended (5 United States Code (USC) Appendix 3).

3. I have participated in the investigation described below. The information in this affidavit is based on personal knowledge as well as conversations with other law enforcement officers and agents. This affidavit is submitted in support of an application for a seizure warrant as to the contents of the three bank accounts listed above. As the affidavit is submitted for the limited purpose of establishing probable cause for seizure and forfeiture of the funds in the bank accounts listed above, I have not set forth all information known to me about this investigation. Rather, I

Y POUPARINA 011440

have set forth those facts and information which I believe are sufficient to establish probable cause for seizure and forfeiture of the funds based on the violation of Title 18, United States Code, Sections 1014 and 1343.

4. Based on my training and experience, I am aware that there are individuals who obtain Home Equity Conversion Mortgages (HECM) under false pretenses in order to obtain the cash proceeds from the home's equity.

- A HECM is a reverse mortgage insured by the Federal Housing Administration (FHA) which has certain requirements for eligibility. Primary among the responsibilities is the requirement that the home for which the HECM is obtained be the borrower's primary residence. There must also be sufficient equity in the home and the borrower must be 62 years old or older to qualify. The borrower has the option of receiving a one-time payment at the closing which represents the owner's remaining equity in the home.

5. Yesenia Pouparina, who at the time of the offense was 37 years old, was the owner of a single family residence located at 14210 SW 16 Terrace, Miami, FL where she lived with her children. Yesenia Pouparina was the president of American Senior Lending (ASL), a mortgage company located in Miami, FL which specialized in reverse mortgages. Yesenia Pouparina was the title agent for Entrust Title, a title company owned by her ex-husband Osvaldo Campos and co-located with ASL.

6. Rebeca Pouparina, Yesenia's mother, who at the time of the offense was 70 years old, was living at 8899 SW 28 ST, Miami, FL where she received federal housing benefits.

7. On August 24, 2009, Yesenia Pouparina prepared and signed a Quit Claim Deed transferring ownership of the 16th Terrace home to Rebeca Pouparina.

2

Y POUPARINA 011441

8. On November 24, 2009, Rebeca Pouparina obtained a HECM on the 16th Terrace home. ASL was the lender for the HECM and Entrust Title was the title company with Yesenia Pouparina acting as closing agent. Yesenia Pouparina submitted the paperwork to the US Department of Housing and Urban Development, and signed the HUD-1 Settlement Statement as the Settlement Agent using her married initials "YC" for Yesenia Campos, knowing it would influence the approval of the FHA loan. Osvaldo Campos was listed as the loan officer on the loan application. Yesenia Pouparina also filed or caused the filing of the paperwork with the Clerk's office.

9. As part of the closing process, Generation Mortgage Company wired $405,188.63 to Entrust Title's escrow account at Wachovia Bank in Orlando, FL from its warehouse lending account at Texas Capital Bank in Richardson, TX. Yesenia Pouparina issued a check from the Entrust Title escrow account for the owner's remaining equity due to Rebeca Pouparina. However, Yesenia wrote the check to herself in the amount of $362,265.91 and deposited it into her personal bank account at JP Morgan Chase. Entrust Title received a fee of $4,345 for the closing. On December 8, 2009, Yesenia Pouparina wrote herself a check from the Entrust Title operating account in the amount of $4,345 (indicating it was a bonus) and deposited it into her personal bank account at JP Morgan Chase. None of these funds appear in Rebeca Pouparina's personal bank account.

10. On December 14, 2009, Yesenia Pouparina purchased a cashier's check for $115,000 using the HECM proceeds to pay Jose Balsera the balance of a private personal loan, which did not involve Rebeca Pouparina.

11. On April 6, 2010, using the remaining HECM funds as well as additional personal funds (approximately $48,389.09), Yesenia Pouparina opened a savings account for each of her three children in the amount of $100,000 at JP Morgan Chase Bank. The account numbers for the three

3.

Y POUPARINA 011442

accounts are listed above.

12. On April 15, 2011, Osvaldo Campos was interviewed at the offices of ASL. He reviewed the documents with his purported signature and advised that he had not signed any of the documents in Rebeca Pouparina's HECM file. He further advised that he learned about the HECM after it closed when he noticed deposits for fees in the ASL and Entrust accounts. He argued with Yesenia as he felt he was entitled to part of the fees as partner in the businesses.

13. On April 18, 2011, Rebeca Pouparina was interviewed at her residence, 8899 SW 28 ST, Miami, FL. She asserted that she had lived at that address for ten years and had never purchased a home. She did not remember signing the documents in the HECM file but confirmed the signatures were hers. She said that no one asked her to sign the forms or act as a buyer for the home.

14. Florida Power and Light records show that Rebeca Pouparina has had power at her 28th ST address since 1996. Her account was current at the time of her interview. These records also show that Yesenia Pouparina has had power at the 16th Terrace home since October of 2007. Her account was current at the time Rebeca Pouparina was interviewed.

**The Statutes:**

15. Title 18, United States Code, Section 1014 is violated when "... whoever, knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of the Federal Housing Administration . . . upon any application, advance, discount, purchase, purchase agreement, commitment, loan, or insurance agreement or application from insurance or a guarantee, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security thereof."

4

Y POUPARINA 011443

16. Title 18, United States Code, Section 1343 is violated when, "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice."

17. Title 18, United States Code, Section 981(a)(1)(C) allows for the forfeiture of "[a]ny property, real or personal which constitutes or is derived from proceeds traceable to a violation of section ... 1014 ... of this title or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Title 18, United States Code, Section 1343 is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7).

## CONCLUSION

18. The HECM proceeds in question were obtained by Yesenia Pouparina via false statements in violation of 18 U.S.C. § 1014 and wire fraud in violation of 18 U.S.C. § 1343. The illicit proceeds of the HECM were deposited into three JP Mortgage Chase Bank accounts: 2945396766, 2945396741, and 2945396758, which are held by Yesenia Pouparina as custodian. Therefore, probable cause exists to seize the contents of the three JP Morgan Chase accounts, because the

5

contents constitute illicit proceeds, in whole or in part.

FURTHER AFFIANT SAYETH NAUGHT.

*signature*

Scott Tanchak, Special Agent
United States Department of
Housing and Urban Development,
Office of Inspector General

Sworn to and subscribed to before me this ___9th___ day of March 2012.

*signature*

HON. PATRICK A. WHITE
United States Magistrate Judge

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By _____ Deputy Clerk
Date 3/9/12

6

Yesenia Poyanna
1221 Obispo Avenue
Coral Gables FL 33134

3312877189?

17 FEB 2016 PM 4 L

United States District Courts
400 North Miami Avenue
Miami FL 33218

