UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

YESENIA POUPARINA

Defendant.

Case No. 12-20570-CR-MARTINEZ/GOLDBERG

/

## UNITED STATES' RESPONSE OPPOSING DEFENDANT'S REQUEST TO EARLY TERMINATION OF HER SUPERVISED RELEASE

The United States of America ("United States"), by and through its undersigned counsel, respectfully requests that this Honorable Court deny Defendant's *pro se* Motion to Terminate Supervised Release After Completion of One-Year Supervision Pursuant to Title 18 U.S.C. § 3583(e)(1). The Honorable Judge Richard W. Goldberg appropriately imposed the three-year period of supervised released after considering all the relevant factors under Title 18, United States Code, Section 3553(a), including the nature of the offense and the offender, as well as the implications on public safety and deterrence. Although the United States is pleased to hear that the defendant has taken steps to return to being a productive member of society, her efforts meet our ordinary expectations and do not justify the premature termination of the sentenced imposed. Defendant has made no claim of "injustice or unfairness," nor are the conditions of her supervised released all that onerous. Justice requires that the defendant continue to amend for her serious crimes for another two years of supervised release as imposed.

### I. BACKGROUND

The defendant was convicted at trial on February 5, 2013, of four counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341, in connection with her scheme to obtain and retain the proceeds of a fraudulent Home Equity

1

Conversion Mortgage ("HECM"). Defendant was sentenced on August 22, 2013, before the Honorable Judge Goldberg to 46 months confinement, three-years supervised release, a $500 special assessment, and ordered to pay $207,810.94 in restitution.

The defendant's fraudulent scheme involved her using her loan origination company as well as her title license to apply for a HECM on behalf of her elderly mother, who defendant knew lived in Section 8 housing and not in the HECM property and was, therefore, ineligible for the loan. Defendant took many necessary steps to obtain the loan, such as making false statements and representations on the loan documents, forging bank records, and obtaining a new driver's license for her mother reflecting false information. Defendant then disbursed the loan proceeds to herself and, after covering certain closing costs, wired the balance of $362,265.91 to her personal checking account, which she spent at will. Defendant took subsequent steps to retain the loan proceeds by, for instance, submitting false yearly certificates of occupancy on behalf of her mother. When the defendant was aware that her actions were under investigation, she transferred the fraud proceeds to bank accounts in the names of her three minor children and initiated a short-sale of the HECM property in an attempt to distance herself from the fraud, thereby further encumbering the property without regard for the total recovery of the loan funds by the lenders.

In addition to the serious nature of her offenses, defendant has continuously failed to accept responsibility for her crimes and demonstrated, throughout the investigation and trial, disregard for the law and law enforcement. She even went so far as to contact the lead case agent on several occasions, questioning the investigation, hurling profanities, and baselessly accusing the agent and DOJ trial attorney of having an extramarital affair. Though she has recently taken steps toward a new career as a beautician, she has continued, post-conviction, to fail to accept full responsibility for her wrongdoing, as evidenced, in part, by her repeated and

varied attempts to request relief, some of which were baseless and ultimately withdrawn or denied.

The United States understands that the current conditions of the defendant's supervised release are not onerous and include: refraining from self-employment, refraining from entering the mortgage industry, refraining from incurring new debt, reporting online and making financial disclosures to her probation officer, and paying restitution. So far, defendant has only paid the $500 special assessment fee and $2,805 (or 1%) of the $207,810.94 that she was ordered to pay in restitution. The United States also understands that the defendant is continuing to reside in the HECM property, mortgage free, since it is now in foreclosure.

## II.   LEGAL STANDARD

In accordance with Title 18, United States Code, Section 3583(e)(1), "[t]he court may, after considering the factors set forth in [Section 3553] – (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]"

The Court is granted broad discretion in taking account of a variety of factors, to include, among others, claims of injustice or unfairness, as well as the nature of the offense and offender and any implications for public safety or deterrence. *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998). "These [factors] are largely the same considerations the court must assess when imposing the original sentence." *Id.* at 484.

## III.   ARGUMENT

The Honorable Judge Goldberg imposed a three-year period of supervised release in this case after considering all the relevant factors under 18 U.S.C. § 3553. As more fully outlined in the Government's Sentencing Memorandum, defendant's crimes are serious as reflected in the

statutory maximum of 20 years imprisonment for each count. Defendant targeted a government program for her fraud, misused her own special skills and position of trust as a title agent, and involved her unwitting family and co-workers in her scheme. She falsified and forged documents to obtain the loan, and then submitted yearly false certificates of occupancy to perpetuate the fraud. When she knew she was under investigation, she continued to attempt to evade authorities by transferring the proceeds to her children and further encumbering the property in a short-sale. Defendant on multiple occasions acted out during the investigation and trial by calling investigators, using profanities, and flinging baseless accusations at the agent and DOJ trial attorney. Defendant has continuously refused to accept responsibility for her crimes and made no attempt to return the loan proceeds.

While the defendant's post-incarceration efforts to begin a new career are encouraging, they do not warrant termination of supervised release and they are not "exemplary" as she described. For instance, the defendant did not immediately seek employment after her incarceration and only began working a year later when she completed school. Defendant has only paid 1% of the restitution that she owes, despite living mortgage-free for the last 15 months. She has a tremendous amount of restitution left to be paid, and a poor track record of making significant payments. Further, defendant failed to recognize that she was convicted of an aggravated role in a fraud offense when she inaccurately stated that she meets all the criteria for early termination outlined by the U.S. Administrative Office of the Courts, Publication 109, p. 20 (1993).

Last, the supervised release conditions imposed on the defendant are minimal and appropriate. The conditions prohibiting her from being self-employed, working in the mortgage industry, taking on new debt, and providing financial disclosures are directly linked to the fact that she used her self-employment as a title agent to fraudulently obtain a government loan.

4

Otherwise, the defendant's reporting is conducted online and, though a bit inconvenient, is a fair and appropriate level of supervision to continue to deter and prevent further criminal conduct. Counsel spoke with the probation officer assigned to the defendant's case, who agreed with the Government that supervised release should not be terminated.

### IV. CONCLUSION

For the foregoing reasons, the United States requests that this Honorable Court, pursuant to 18 U.S.C. § 3583(e)(1), use its broad discretion in considering the various factors outlined in § 3553, and continue the three-year period of supervised release originally imposed on defendant by denying the defendant's Motion to Terminate Supervised Release After Completion of One-Year of Supervision Pursuant to Title 18 U.S.C. §3583(e)(1).

Respectfully Submitted,

SANDRA L. MOSER
Acting Chief, Fraud Section
Criminal Division
United States Department of Justice

DEBORAH CONNOR
Acting Chief, Money Laundering & Asset Recovery Section
Criminal Division
United States Department of Justice

By: *Mary Ann McCarthy*
MARY ANN McCARTHY
Trial Attorney, Money Laundering & Asset Recovery Section
Criminal Division
United States Department of Justice

Dated: June 28, 2017

## CERTIFICATION OF SERVICE

I certify that, on June 28, 2017, I caused this document to be served on all counsel of record via the ECF system and on the defendant, via certified mail, at her address of record.

_____
MARY ANN McCARTHY
Trial Attorney